IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-09-98-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| RALPH DELBERT BROWN, III, | |
| Defendant. | |

## I. Synopsis of Recommendations

A petition alleged that Defendant Ralph Delbert Brown, III ("Brown") violated his conditions of supervised release in multiple ways discussed in more detail below. Brown admitted the violations. Brown's supervised release should be revoked, and he should be sentenced to 6 months imprisonment, with recommended placement at FDC Sea Tac. He should also be sentenced to 180 months of supervised release to follow.

## II. Status

On January 5, 2013, Brown pled guilty to sexual abuse of a minor. *ECF 22, 1*. He was sentenced to 24 months custody followed by a

1

lifetime term of supervised release. *ECF 24, 25.* Brown began his term of supervised release on July 15, 2011. *ECF 40.*

**<u>Petition</u>**

On November 27, 2013, the U.S. Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging that Brown violated:

(1) Special Condition Number 3 by failing to attend a sex offender treatment session;

(2) Special Condition Number 3 by failing to complete sex offender treatment after he was terminated for having unapproved contact with minor children;

(3) Standard Condition Number 6 and Special Condition Number 6 by failing to notify his probation officer of a change in residence, and residing in a residence in which minor children were also residing.

*ECF 40.* Based on the petition, the undersigned issued a warrant for Brown's arrest. *ECF 41.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned

for Findings and Recommendations.  *See Standing Order No. DLC-10.*

**Initial Appearance**

Brown was arrested on December 2, 2013, and made an initial appearance before the undersigned on December 4, 2013.  *ECF 42.*

**Revocation Hearing**

On December 4, 2013, the undersigned also conducted a hearing on whether Brown's supervised release should be revoked.  David Merchant, Federal Defenders of Montana, represented Brown.  Assistant U.S. Attorney Jessica Fehr represented the United States.  The undersigned explained the Findings and Recommendations procedure to Brown, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.  In addition, Brown, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent.

Brown admitted each violation alleged in the Petition.  The Court accepted his admissions, determined that Brown's supervised release should be revoked, and proceeded to consider sentencing

recommendations. The undersigned calculated that Brown's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. The United States Sentencing Guidelines call for 3 to 9 months incarceration. Brown could be sentenced to a term of 5 years to life supervised release, less any incarceration time imposed. Ms. Fehr and Mr. Merchant agreed with those calculations.

Ms. Fehr recommended a term of incarceration of 6 months followed by a lifetime term of supervised release. Ms. Fehr argued that a 6 month custody term is appropriate for this defendant in light of the underlying charge and the nature of the recent violations.

Mr. Merchant recommended a sentence of 3 months incarceration followed by 15 years supervised release. Mr. Merchant argued that 3 months incarceration is sufficient to punish Brown for his conduct considering Brown's minimal criminal history and the fact that this is his first revocation. Mr. Merchant also argued that lifetime supervision is onerous and inappropriate. Finally, Mr. Merchant requested that Brown be placed at FDC Sea-Tac based on concerns for his physical safety.

Brown addressed the Court. He agreed with the United States that 6 months custody is reasonable, and indicated that he also did not object to lifetime supervision. With respect to the violations, he explained that he was having difficulty getting a ride in to work in Hardin, so decided to stay with his sister who lived in the town. He indicated that he forgot to notify his probation officer of his change in residence, but acknowledged that he knew he should have done so.

### III. Analysis

Based on Brown's admitted violations, his supervised release should be revoked. In violating the condition that he not have contact with minor children, Brown violated one of the most important conditions of his supervision. Brown also breached the Court's trust by failing to give notice of his change in residence, thus rendering it impossible for his probation officer to adequately supervise him. A sentence in the middle of the guideline range is appropriate to address the seriousness of Brown's actions and to deter similar conduct in the future. Brown should be sentenced to 6 months incarceration.

Although his underlying sentence included lifetime supervised release, it is recommended that he be given 180 months supervised release to follow. Brown's petition alleges no alleged violations of his supervised release between the time of his release on July 15, 2011, and October 2, 2013, the date of the first violation. Thus, for over two years Brown did reasonably well. Also, although he committed a very serious violation of his supervised release conditions by residing in his sister's home with minor children, there are no new sexual abuse violations alleged. He has been working at Town Pump in Hardin, and his employer thinks highly enough of him to agree to rehire him upon his release. Also, his sex offender treatment provider is willing to allow him back into the program after he has been held accountable for his violations by a term of imprisonment. A term of 15 years supervised release should be sufficient to protect the community from further offenses.

In light of Brown's underlying sex offense conviction, the Court further recommends that Brown be placed at FDC Sea Tac based on concerns for his physical safety.

## IV. Conclusion

The undersigned advised Brown that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Brown that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS.** Brown violated:

1. Special Condition Number 3 by failing to attend a sex offender treatment session;

2. Special Condition Number 3 by failing to complete sex offender treatment after he was terminated for having unapproved contact with minor children;

3. Standard Condition Number 6 and Special Condition Number 6 by failing to notify his probation officer of a change in residence, and residing in a residence in which minor children were also residing.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Brown's supervised release and sentence Brown in accordance with the attached Judgment, committing him to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months incarceration, with 180 months supervised release to follow.

2. The District Court should recommend that Brown be placed at FDC Sea Tac based on concerns for his physical safety.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 4th day of December, 2013.

/s/ Carolyn S. Ostby<br>United States Magistrate Judge