

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09–98–BLG–DWM–CSO |
| Plaintiff, | |
| vs. | ORDER |
| RALPH DELBERT BROWN, III, | |
| Defendant. | |

On December 4, 2013, United States Magistrate Judge Carolyn S. Ostby entered Findings and her Recommendations with respect to the November 27, 2013 Petition to Revoke Defendant Ralph Delbert Brown, III's term of supervised release. (Docs. 47 and 40.) A Final Hearing on revocation of the Defendant's term of supervised release was held December 4, 2013. (Doc. 43.) The parties were notified of their right, within fourteen days, to file objections to the Findings and Recommendations. (Doc. 47 at 8.) Neither party timely filed an objection. Failure to object waives a party's right to review. Fed. R. Crim. P. 59(b)(2). Consistent with the Court's "full authority" to review the Findings and Recommendations under any standard it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 154 (1958), the Court reviews for clear error. Clear error exists if the

-1-

Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Based on Brown's admission to the violations set forth in the Petition, Judge Ostby recommends his supervised release be revoked. (Doc. 47 at 7.) Judge Ostby further recommends this Court enter the proposed Judgment attached to her Findings and Recommendations, (Doc. 47-1), and sentence Brown to six (6) months imprisonment with 180 months of supervised release to follow. (Doc. 47 at 7.)

The Court adopts Judge Ostby's findings and recommendations in part. The custodial sentence recommended is justified and will be ordered. The term of supervised release to follow, however, is an unwarranted reduction to the defendant's sentence and will be modified in the Court's judgment.

When considering a petition to revoke a defendant's term of supervised release a court "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *U.S. Sentencing Guidelines Manual* Ch. 7, at 479-480 (2013). Judge Ostby recommends Brown be sentenced to a 15-year term of supervised release. (Doc. 47 at 7.) This recommendation amounts to a reduction to the term of supervised release Brown was ordered to serve at

sentencing. (*See* Doc. 25.) The recommendation that Brown be sentenced to a 15-year term of supervised release is based on findings that the defendant has performed reasonably well to this date while on supervision. (Doc. 47 at 6.) The recommendation does not reference the Defendant's breach of the Court's trust, the seriousness of the violation, or Brown's criminal history. Because of the Defendant's breach of trust, the Court will order a lifetime term of supervised release to follow his incarceration for these violations. Imposition of such a sentence on revocation of a term of supervised release is authorized. *See United States v. Crowder*, ___ F.3d ___, 2013 WL 6768141 at *2, (9th Cir. Dec. 24, 2013) (Nos. 13-30033, 13-30034) (holding that, on revocation of a term of supervised release, imposition of a lifetime term of supervised release and a term of imprisonment is not barred by 18 U.S.C. § 3583(h)).

Furthermore, the Court will enter the proposed judgment with modifications to the special conditions of release. Specifically, the Court declines to extend a broad search condition to any law enforcement officer. The search condition is modified to extend only to any probation officer acting within the lawful discharge of their supervision functions. Furthermore, the Court places limits on the scope of physiological testing required of the Defendant attendant to his participation in sex offender treatment. Some forms of physiological testing intrude on an

especially significant liberty interest and require specific, on-the-record findings prior to imposition. *See United States v. Weber*, 451 F.3d 552, 568-69 (9th Cir. 2006). Such findings are not present in this matter. Accordingly, the Defendant may only be required to undergo those physiological tests, such as Abel testing or polygraph testing, which do not involve intrusion on an especially significant liberty interest. *See id.*

IT IS ORDERED that Judge Ostby's Findings and Recommendations, (Doc. 47), are ADOPTED IN PART. Ralph Delbert Brown, III's term of supervised release is revoked. Judgment will be entered by separate document.

DATED this 6 day of January, 2014.

Donald W. Molloy, District Judge
United States District Court